**KCTS TELEVISION, a Washington public benefit corporation, Plaintiff–Appellant,**

v.

**FEDERAL INSURANCE COMPANY, an Indiana corporation, Defendant–Appellee.**

No. 05–35533.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2006.

Filed Dec. 1, 2006.

Robert E. Rohde, Esq., Christopher C. Lee, Esq., Rohde & Van Kampen, PLLC, Seattle, WA, for Plaintiff–Appellant.

John D. Wilson, Esq., Jennifer A. Williams, Esq., Wilson Smith Cochran & Dickerson Financial Center, Seattle, WA, for Defendant–Appellee.

Before: ALARCÓN, RYMER, and BERZON, Circuit Judges.

## MEMORANDUM *

KCTS Television appeals the district court's orders dismissing its action against its insurance carrier, Federal Insurance Company, and denying its motion for summary judgment. Because we conclude that KCTS's loss from the first Red Bull petition is not covered under either the 2001–2002 policy or the 2003–2004 policy, we affirm.

Under Washington law, courts must construe insurance policies "as a whole," giving "a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Kitsap County v. Allstate Ins. Co.,* 136 Wash.2d 567, 964 P.2d 1173, 1177 (1998). Coverage is determined by the plain meaning of the policy terms; defined words are interpreted in accordance with their definitions while undefined terms are given their ordinary meaning. *Id.* at 1178. Courts may not modify insurance contracts or create ambiguity where policy terms are clear, but where a genuine ambiguity cannot be resolved by extrinsic evidence it is construed against the insurer. *Id.*

KCTS concedes that the first petition is not itself covered by either policy, because it was not reported to Federal during the term of the 2001–2002 policy, and was not first made against KCTS during the term of the 2003–2004 policy, as is required to trigger coverage under those policies, respectively. But it argues that because another, related claim was made during the term of the 2003–2004 policy and thus was covered by that policy, the loss arising from both related claims is covered.

■ In support of this argument, KCTS relies on a provision in the 2003–2004 policy that limits Federal's liability for losses arising out of interrelated wrongful acts. KCTS's view of this provision fails for two reasons. First, the provision does not expand or alter coverage, which is triggered by the timing of when a claim is first made, not by when a loss is deemed to have occurred. Second, even if the liability-limiting provision were read to affect coverage, it would not help KCTS. It provides that all loss is "deemed to have originated in the earliest Policy Year *in which a Claim is first made* against [KCTS] alleging any" of the interrelated wrongful acts. KCTS is correct that, as defined, the earliest possible Policy Year under the 2003–2004 policy is 2003–2004. But under KCTS's theory the "first" claim against KCTS alleging any of the interrelated wrongful acts was made in 2001–2002. Thus the loss would not be deemed

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

to have occurred in *any* Policy Year as defined by the policy.

Similarly unavailing is KCTS's argument that the liability-limiting provision in the 2001–2002 policy supports its position. Under both policies, a separate provision governs coverage. The liability-limiting provisions assume coverage and lump related, covered losses to limit Federal's exposure. The plain terms of the policies will not bear KCTS's reading.

Because the first Red Bull petition is not covered under either policy even assuming that it is a claim against KCTS arising from an interrelated wrongful act, we need not reach the parties' other arguments. Nor do we need to consider the references in KCTS's briefs which Federal moved to strike or to which Federal sought leave to respond; those motions are denied as moot.

AFFIRMED.